**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-25548-CIV-MARTINEZ**

AMAURY DIAZ PAZ,

Petitioner,

v.

WARDEN, KROME SERVICE PROCESSING CENTER, *et al.*,

Respondents.
______________________________/

**ORDER**

**THIS CAUSE** comes before the Court *sua sponte*. On August 20, 2026, the Court ordered *pro se* Petitioner Amaury Diaz Paz to pay the Clerk's filing fee of $5 or, in the alternative, to file a motion for leave to proceed *in forma pauperis* ("IFP") with a supporting financial affidavit. (*See* August 20, 2026 Order [ECF No. 6]). The Court gave Petitioner until August 27, 2026 to take one of those actions. (*See id.*). That deadline has now passed, and Petitioner has neither paid the filing fee nor filed a motion for leave to proceed IFP.

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Under that authority, the court "may dismiss a claim if" a party "fails to prosecute it or comply with a court order." *See id.*; *McNair v. Johnson*, 143 F.4th 1301, 1306–08 (11th Cir. 2025) (affirming inherent-authority dismissal of *pro se* plaintiff's civil rights lawsuit based on failure to disclose his full litigation history); *cf.* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it."). This principle applies with full force to *pro se* litigants. *See McNair*, 143

F.4th at 1306–08; *cf. Moon v. Newsome*, 863 F.2d 835, 836 (11th Cir. 1989) (affirming dismissal of *pro se*, IFP plaintiff's "damage suit" for "failure to pay costs assessed as a penalty for unreasonable refusal to obey a discovery order").

The principle also clearly encompasses a litigant's failure to comply with a court order to pay the filing fee or file an IFP motion. *See Castro v. Dir., FDIC*, 449 F. App'x 786, 788 (11th Cir. 2011) (concluding the "district court did not abuse its discretion in dismissing" *pro se* prisoner's complaint without prejudice for failure "to pay a filing fee or file a request to proceed IFP under" local rules); *Livingston v. Jones*, No. 17-CIV-23262, 2018 WL 10229907, at *1 (S.D. Fla. Jan. 4, 2018), *R.&R. adopted*, No. 17-CV-23262, 2018 WL 10229911 (S.D. Fla. Jan. 30, 2018) (dismissing *pro se* prisoner's petition without prejudice for failure to pay the filing fee or submit an IFP motion despite being warned that failure to do so could result in dismissal); *cf. Richards v. United States*, 408 F.2d 802, 803 (5th Cir. 1969) (dismissing appeal "for lack of prosecution" after appellant "failed to pay the docketing fee" or "request leave to appeal in forma pauperis" even though the court informed him "of his right to do so" and notified him "of the consequences of his failure to act"). "Whether to dismiss a" case "for failure to comply with an order of the court is a matter committed to the district court's discretion." *See Equity Lifestyle*, 556 F.3d at 1240 n.14. "A district court need not tolerate defiance of reasonable orders." *Id.* at 1241.

The Court warned Petitioner in the August 20 Order that "failure to comply" with its commands "may result in dismissal of this case for failure to prosecute and failure to comply with court orders." (*See* August 20 Order, 2). That Order was reasonable, and Petitioner failed to timely comply with it. Accordingly, it is **ORDERED AND ADJUDGED**:

1. This case is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41 for failure to prosecute and failure to comply with the Court's August 20 Order. *See Equity Lifestyle*, 556 F.3d at 1241.

2. If Petitioner wishes to pursue his claims, he may file a new petition under a new case number, including with it the filing fee or a motion for leave to proceed IFP.
3. The Clerk is **DIRECTED** to mail a copy of this Order to Petitioner.
4. This case is **CLOSED**.

**DONE AND ORDERED** in Miami, Florida, this 1 day of September 2026.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc: all counsel of record
Petitioner, *pro se*