**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-25548-CIV-MARTINEZ**

AMAURY DIAZ PAZ,

Petitioner,

v.

WARDEN, KROME SERVICE PROCESSING CENTER, *et al.*,

Respondents.
_______________________________/

**ORDER DENYING PETITION**

**THIS CAUSE** comes before the Court on Petitioner Amaury Diaz Paz's *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition") [ECF No. 1]. Petitioner challenges his detention at Krome Service Processing Center, arguing that his immigration detention is unlawful and seeks immediate release from detention. (*See generally id.*). In accordance with 28 U.S.C. § 2243, the Court issued an Order directing Respondents to show cause why the Petition should not be granted. (September 8, 2026 Order [ECF No. 12]).

Respondents filed their Response to the Court's show cause Order on September 13, 2026 (the "Response") [ECF No. 13]. Due to Respondents' diligent efforts to file and to the unforeseen nature of the ECF technical issues, the Court considers Respondents' response to be timely. (*See id.* 1). The Court has considered the Petition, the Response, the record, and applicable law. For the following reasons, the Petition is **DENIED**.

## I. BACKGROUND

Petitioner is a native and citizen of Cuba who entered the United States in December 1994 as a humanitarian parolee. ([ECF No. 13-1]). From 1994 onwards, Petitioner accumulated a long

list of criminal convictions. (*See* [ECF No. 13-8]). Immigration authorities served the Petitioner with a Notice to Appear under INA § 240, charging him with inadmissibility under INA § 212(a)(7)(A)(i)(I) for lacking a valid immigrant visa or other required entry document when applying for admission. (Decl. of Deportation Officer. [ECF No. 13-7] ¶ 7). On July 28, 2020, an Immigration Judge ordered the Petitioner removed, and the Petitioner waived appeal, rendering the removal order administratively final. (*Id.* ¶ 8).

On June 6, 2026, Petitioner was encountered by Enforcement and Removal Operations ("ERO") while being held at Turner Guilford Knight Correctional Center due a recent arrest for Driving with a Suspended License. (*Id.* ¶ 19). That same day, ERO placed an immigration detainer on Petitioner and also entered a warrant for arrest of alien against him. (*Id.* 20–21). On June 15, 2026, Petitioner was transferred to the custody of ERO and eventually taken to Krome Service Processing Center. (Resp. 3). Petitioner remains detained at Krome. (*Id.*).

Petitioner filed the Petition on August 6, 2026, asking the Court to declare his detention unlawful and order his immediate release. (Pet. 7). Petitioner argues that (1) Petitioner's current detention is a violation of 8 U.S.C. § 1231(a) due to the fact that he was previously detained for over 90 days and (2) Petitioner's current detention is a violation of his Fifth Amendment Due Process rights. (Pet. 6). Petitioner does not provide any dates for the alleged past detention which he claims lasted over 90 days.

In their Response, Respondents assert that Petitioner's detention is lawful given he is subject to a final order of removal. (Resp. 4). Respondents correctly note that Petitioner has been detained for well short of the one hundred eighty period for which detention is presumptively reasonable under *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*Id.*).

## II. ANALYSIS

Detention of noncitizens who have been ordered removed is mandatory. *See* 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien."); *Zadvydas*, 533 U.S. at 683. Petitioner was ordered removed in July 2020, and that removal order became administratively final immediately because Petitioner waived his right to appeal it. (*See* IJ Order [ECF No. 13-2]); *Riley v. Bondi*, 606 U.S. 259, 267 (2025); 8 U.S.C. § 1101(47)(B)(ii). For the aforementioned reasons, continued detention of Petitioner pending removal is legal. *See* 8 U.S.C. §§ 1226(c)(1)(B), 1231(a)(2)(A).

Petitioner's *Zadvydas* claim is premature. The Supreme Court has recognized that the presumptively reasonable period of detention for noncitizens subject to a final order of removal is six months. *See Zadvydas*, 533 U.S. at 701. The Eleventh Circuit has further explained that "to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

ERO took Petitioner into custody on June 15, 2026, (*see* Resp. 3), so he has been detained for much less than the required six months. His detention has not yet exceeded the presumptively reasonable period, *see Zadvydas*, 533 U.S. at 701; *Akinwale*, 287 F.3d at 1052, and any claim for relief from prolonged detention under *Zadvydas* is premature, *see, e.g.*, *Espinoza-Sorto v. Agudelo*, No. 1:25-CV-23201, 2025 WL 3012786, at *7 (S.D. Fla. Oct. 28, 2025). Furthermore, Petitioner makes no claim that his removal is unlikely in the foreseeable future. Thus, Petitioner fails to satisfy either one of the two requirements for relief under *Zadvydas*.

Petitioner argues that due to having previously detained by ERO for over ninety days, he should not be subject to any further detention. This argument is without merit. Petitioner only states that he was detained for over ninety dates at some point in the past without providing dates or the location of his detention. (*See* Pet. 2). More importantly, as Respondents correctly state, even if there was a previous period of detention exceeding ninety days, that previous detention does not entitle Petitioner to release since the presumptive period of reasonable detention under *Zadvydas* is one hundred eighty days and not ninety days. (Resp. 5). Furthermore, Petitioner cannot aggregate different periods of detention. When a noncitizen is released from ICE custody that period of detention terminates, and a subsequent re-arrest initiates a new removal period. *See Barrios v. Ripa*, No. 1:25-cv-22644, 2025 WL 2280485, at *8 (S.D. Fla. Aug. 8, 2025).

Finally, Petitioner's argument that Respondents have violated Petitioner's Due Process Rights under the Fifth Amendment fails. Detention during and immediately following removal proceedings is entirely constitutional. *See Demore v. Kim*, 538 U.S. 510, 523 (2003); *Zadvydas*, 533 U.S. at 690–91. Petitioner has not made any specific allegations about which procedural protections he did not receive during his removal proceedings. Accordingly, the Court does not find that Petitioner's current detention violates the Fifth Amendment.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, [ECF No. 1], is **DENIED**.
2. The Clerk is **DIRECTED** to mail a copy of this Order to Petitioner.
3. The Clerk is **DIRECTED** to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 18 day of November 2026.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc: all counsel of record
Petitioner, *pro se*